The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Willis. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
Plaintiff filed a Motion in Limine requesting that the plaintiff's recorded statement not be considered. The grounds for the Motion in Limine were that when the recorded statement was taken on 18 October 1994, plaintiff was represented by counsel; and the recorded statement was taken without the permission of plaintiff's counsel. However, plaintiff's counsel wrote a letter of representation on 18 October 1994, which would not have been received by the defendant at the time the recorded statement was taken. Therefore, defendant was not aware of plaintiff's representation at the time of the recorded statement; and therefore, plaintiff's motion is hereby DENIED.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties prior to, at, and after the hearing as:
STIPULATIONS
1. Prior to the hearing, an Order was issued by Deputy Commissioner W. Joey Barnes, dated 30 January 1995 which with its stipulations is incorporated herein by reference as though fully restated herein.
2. At the hearing the parties submitted a Pre-Trial Order, dated 3 May 1995 which with its stipulations is incorporated by reference as though fully restated herein.
3. Following the hearing, the parties submitted the deposition of Dr. James Thompson, payroll records per a cover letter of defendant dated 10 July 1995, and a recorded statement of the plaintiff per a cover letter of defendant dated 7 August 1995. In addition to the evidence accepted at the hearing, these documents are hereby made a part of the record of this case.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 46 years old, with a date of birth of 25 January 1949. For her education plaintiff had completed the tenth grade, had earned her GED, and had taken courses in child care and housekeeping. For her medical history before becoming employed with this defendant, plaintiff had a prior workers' compensation claim from 1989 for an overuse syndrome of her left chest and shoulder. For her work history plaintiff had worked at St. Joseph Hospital between 1986 and 1991 in housekeeping, had worked for five months as a cook in a restaurant between June 1991 and November 1991, and had worked for one month as a housekeeper for a hotel. Plaintiff started to work for the defendant in December 1991 in a position sorting linen.
2. At defendant's plant, bundles of mixed linen would be brought from customers after their use. Plaintiff would sort the linen, for example, throwing all massage towels into one bin. The linen would sometimes be wet and sometimes be dry. The bins of linen would be filled by the sorters and emptied by other employees. Occasionally, the linen bins would overflow, and the sorters would have to ask that the bins be emptied.
3. On 6 September 1994, plaintiff picked up a handful of wet massage towels which weighed five or more pounds. She threw the towels into an overhead bin which was "pretty full." After throwing the towels, plaintiff felt a pain in her right shoulder. This incident was not an interruption of her regular work routine by unusual circumstances likely to result in unexpected consequences.
4. Plaintiff reported to her supervisor that she had hurt her arm, and she sought medical treatment at St. Joseph Urgent Care (hereinafter "Urgent Care"). Plaintiff continued to receive treatment at Urgent Care for about one month, through 5 October 1994. While receiving treatment at Urgent Care, plaintiff was restricted to light duty work; and defendant provided work within her restrictions.
5. Plaintiff was out of work for about one week, from 28 September 1994 through 5 October 1994. Plaintiff met with Bill Sbrocco on 29 September 1994 to give him an excuse to be out of work from her doctor. Mr. Sbrocco asked plaintiff to wait while he spoke with the doctor concerning whether plaintiff could return to work at light duty. Plaintiff left the plant without waiting. The next day plaintiff returned to the plant to get her paycheck. Plaintiff was again told that a light duty job was available, but she refused to return to work. Between 28 September 1994 and 5 October 1994, plaintiff was capable of working at light duty, and defendant offered her employment within her restrictions.
6. Plaintiff returned to work and worked at light duty between 6 October 1994 and 18 November 1994. Plaintiff claimed that she was unable to perform the light duty jobs offered to her; and on 18 November 1994, she took a medical leave of absence. Between 18 November 1994 and 10 April 1995, plaintiff was out of work. During this time, plaintiff received disability benefits through a plan which was funded by her employer.
7. On 25 January 1995, Dr. James Thompson performed surgery on plaintiff's right shoulder. Dr. Thompson released plaintiff to return to work on 10 April 1995, and plaintiff returned to work earning the same or greater wages than she had earned before 6 September 1994. Between 18 November 1994 and 25 January 1995, defendant had light duty jobs available which were within plaintiff's restrictions.
8. At the hearing, plaintiff testified that she had not recovered well following her surgery. She testified that her right chest hurt when she breathed and that she could not work overhead. Initially, plaintiff testified that she had not volunteered for overtime after her return to work in April 1995, although she, in fact, had volunteered for overtime.
* * * * * * * * * * *
Based on the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
On 6 September 1994, plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for compensation pursuant to the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs, except that defendant shall pay, if not already paid, an expert witness fee in the amount of $300.00 to Dr. Thompson.
 S/ __________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________________ COY M. VANCE COMMISSIONER